<div style="margin-left:1em">Harkins<br>vs.<br>Clemens.</div>

### SAMUEL HARKINS *vs.* JAMES CLEMENS.

*Error from Limestone Circuit Court*—Before the Hon. JOHN WHITE.

Where an execution has been returned by the proper officer into the clerk's office "satisfied," the clerk, on the ground of a mistake, cannot issue a new execution in the same case, without the action of the court being first had thereon.

This case came up on errors assigned in the determination of a *supersedeas*. A judgment had been obtained against Harkins as sheriff, for failing to return an execution.

James Clemens had recovered a judgment at March term, 1824, against one David Low, *et al*, for $476, on which an execution went into the present plaintiff's hands. It appeared, that before the motion was made against Harkins, the defendant Low, had made a payment to Clemens of

five hundred dollars, and to the clerk of all costs charged against him. Judgment was subsequently rendered against Harkins, on motion, for the amount of the debt, and ten per cent. damages, and on this judgment an execution went into the hands of the coroner. The coroner having returned this execution into the clerk's office as "satisfied," the clerk afterwards issued a new one against Harkins, which he filed his petition to supercede. On the final hearing of the cause below, the court dismissed the injunction, and a bill of exceptions was taken. The point involved in this cause, was, Whether the clerk has authority to issue an execution in a case, on which, one has been returned "satisfied," without the action of the court?

ORMOND, for the Plaintiff.

The brief states this case fully. The question is, Was the last execution properly issued by the clerk? A judgment was obtained against the sheriff, on motion, with damages; and after one execution had been returned into the office, satisfied, the clerk took upon himself to issue another.

McCLUNG, and
HUTCHISON, contra.

The execution purporting to have been satisfied, does not contain a true statement. Now, if a clerk issues an execution for less than the amount of a judgment, by mistake, cannot he rectify it? And how is he to do this, but by issuing a subsequent execution. The record shews this state of things. The clerk is bound to issue a correct execution, and thus regulate the sheriff in collecting the money. The sheriff here charges, that the money was paid by the original defendant, and produces receipts. These receipts show a minus of a considerable sum.

ORMOND, in reply.

The counsel insist, that the court must presume the clerk

Harkins
vs.
Clemens.

has done nothing more than his duty, in the face of the petition, which is on oath. The question simply is, could the clerk issue an execution, while one against the same defendant, and in the same case, was in his office, returned satisfied ?

By Mr. Chief-Justice LIPSCOMB:

An application was made by the plaintiff in error, to supercede an execution sued out against him, in favour of the defendant. The *supercedcas* was granted, but at the next succeeding term of the court to which it was returned, it was quashed, and the execution re-instated. It seems that a *fieri facias* had been placed in the hands of the plaintiff in error, as sheriff, against one David Low, and others, in favor of the defendant Clemens. This *fi. fa.* was not satisfied, and judgment was recovered against the plaintiff, on motion. On this judgment an execution was sued out, placed in the hands of the coroner, and by him returned satisfied. Afterwards, an alias *fieri facias* was issued by the clerk on the same judgment, which the plaintiff in error sought to have quashed, but was .overruled by the court below. The refusal of the court to quash the execution against the plaintiff, is assigned for error. From the record before us, it would seem, that the judgment before us had been more than satisfied by the first execution, returned by the coroner. It is, however, suggested, that the execution was not sued out for the proper amount, and that the coroner, although he had returned it satisfied, had received but a small part of the amount that it called for. It is not unreasonable to presume, that there has been some mistake made by the clerk. The amount of the debt due by Low and others, to Clemens, with interest at the time judgment was rendered against Harkins, the sheriff, was something more than five hundred dollars ; a *remitteter* was entered for five hundred dollars, and the execution put in the hands of the coroner, and returned satisfied, was for something less

than five hundred dollars: which, when added to the amount remitted, would make between nine hundred and a thousand dollars—a sum greatly exceeding what could have been legally recovered, even if ten per cent. damages had been allowed on the amount remitted, at the time the judgment was rendered against the sheriff. But if there is a mistake in the record, and this sum of more than nine hundred dollars has not been paid, it required the action of the court below to correct the mistake, and the clerk was not permitted to issue another *fieri facias* on the same judgment, when full satisfaction had been returned on the first. The second execution was, therefore, improperly issued, and ought to have been quashed.

The judgment is therefore reversed.

This judgment, however, will not prejudice any application, in the court below, to correct any mistake that may exist.